UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| RICKEY BENSON a/k/a RICKY BENSON, | ) ) ) | |
| Plaintiff, | ) ) | |
| VS. | ) ) | No. 21-2075-JDT-cgc |
| ANTHONY ALEXANDER, ET AL., | ) ) ) | |
| Defendants. | ) | |

ORDER DENYING MOTIONS FOR RECONSIDERATION,
TO ENJOIN EXHIBITS, AND TO ENJOIN FIRST CROSSCLAIM

On February 1, 2021, Plaintiff Rickey Benson, who at the time was incarcerated at the Shelby County Correctional Center in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) Benson is a "three-strike" filer under 28 U.S.C. § 1915(g).

On February 4, 2021, the Court denied Benson leave to proceed *in forma pauperis* because he insufficiently alleged that he was in imminent danger of serious physical injury when he filed the complaint in this case. (ECF No. 4.) Therefore his § 1983 complaint did not come within the exception to § 1915(g), and the Court dismissed his complaint for failure to tender the civil filing fee. (*Id*. at PageID 17-18.) Benson was instructed that he could move to re-open the case within 28 days after entry of judgment, provided he paid the entire civil filing fee. (*Id*. at PageID 18.) The Court further certified that any appeal by Benson would not be taken in good faith and denied leave to appeal *in forma pauperis*. (*Id*.) On February 5, 2021, the Court entered judgment and closed this case. (ECF No. 5.)

On February 25, 2021, Benson filed a motion for relief from the Court's February 4, 2021, order (ECF No. 6), a motion to "enjoin" or add five exhibits to the complaint (ECF No. 7), and a motion to "enjoin" or add a "crossclaim" (new allegations) to his complaint (ECF No. 8). For the reasons explained below, Benson's motions are DENIED and this case remains closed.

Benson filed his motion for relief from the Court's order of dismissal under Federal Rule of Civil Procedure 60(b). (*See* ECF No. 6 at PageID 20.) However, the motion also is timely under Rule 59(e).

The purpose of Rule 59(e) is to allow a district court to correct its own mistakes. *White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). It "is not intended to relitigate matters already decided by the Court." *Windsor v. A Federal Executive Agency*, 614 F. Supp. 1255, 1264 (M.D. Tenn. 1983), *aff'd*, 767 F.2d 923 (6th Cir. 1985). A court may alter or amend its judgment because of an intervening change in the controlling law, newly discovered evidence, or to correct a clear error of law or prevent a manifest injustice. *Franklin v. Francis*, 36 F. Supp.2d 1008, 1010 (S.D. Ohio 1999) (citing *Petition of U.S. Steel Corp.*, 479 F.2d 489, 494 (6th Cir.1973)).

Pursuant to Rule 60(b), the Court is authorized to grant relief "from a final judgment, order, or proceeding" for any of five specified reasons, one of which is "mistake," and for "any other reason that justifies relief." Claims of legal error are properly considered under Rule 60(b)(1) as a type of mistake. *See Braggs v. Perez*, 42 F. App'x 678, 680 (6th Cir. 2002); *Pierce v. United Mine Workers of Am. Welfare and Retirement Fund for 1950 and 1974*, 770 F.2d 449, 451 (6th Cir. 1985). However, "[r]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). It is not intended to allow relief from judgment

merely because Plaintiff is unhappy with the outcome. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

In Benson's motion for reconsideration, he asks the Court to consider what he characterizes as "newly discovered evidence that Richardson paid other defendants to destroy my property and . . . made a threat to have me beat to death." (ECF No. 6 at PageID 21.) The Court disagrees with the description of his allegations as "newly discovered."

Rather, Benson's motion to reconsider presents the same allegations that were in the original complaint and which the Court previously considered. In contending he was in imminent danger, his complaint specifically relied on Richardson's threat to allegedly retaliate against him by paying someone to fatally beat him. (ECF No. 1 at PageID 2, 4.) According to the complaint, that threat allegedly was made, at the latest, on November 19, 2020. (*Id.*) The motion to reconsider alleges:

> Newly discovered evidence has been found that Richardson paid other defendants to destroy my property and discard my order sheets after she made a threat to have me beat to death . . . . Richardson's threat was 1st made on 11-14-20 and repeated on 11-19-20. The threat has been executed by Richardson, for she paid other defendants to destroy my property and shoes, which is causing my feet serious physical injury because I am wearing shower shoes that is [sic] made only for the shower.

(ECF No. 6 at PageID 21.)

There is no material difference in the "new" allegations in the complaint and in the motion to reconsider. Benson is still contending that Richardson's threat was made over two months before the § 1983 complaint was filed. Moreover, there is no allegation the threat has been repeated since November 19, 2020, or that anyone has actually threatened or attempted to harm Benson at Richardson's behest. Thus, Benson's reconsideration motion offers no "newly

discovered evidence" that alters the Court's previous § 1915(g) imminent danger analysis in this case.

Since he merely re-states his original allegations regarding imminent danger, Benson offers nothing to persuade the Court that relief from the order of dismissal and judgment would be appropriate. The motion to reconsider does not show that he was in imminent danger of serious physical injury from Richardson's "threats" when the complaint was filed, and Benson alleges no facts demonstrating that having to use "shower shoes" caused him serious physical injury when he filed his complaint – whether that filing date is deemed to be February 1, 2020 (*see* ECF No. 1), or December 21, 2020 (*see* No. 20-2345, ECF Nos. 22 & 24).

In sum, Benson has not demonstrated that the denial of leave to proceed *in forma pauperis* and dismissal of this action was erroneous. Therefore, the Court finds no reason to re-open this case, and the motion to reconsider is DENIED. (ECF No. 6.) As the Court cannot address the merits of Benson's § 1983 claims because he has neither paid the full civil filing fee nor demonstrated imminent danger, *see* 28 U.S.C. §§ 1915(a)-(b), (g), his motions to add exhibits (ECF No. 7) and to add new allegations (ECF No. 8) are also DENIED.

The Court again CERTIFIES that an appeal by Benson in this case would not be taken in good faith and DENIES leave to appeal *in forma pauperis*.

IT IS SO ORDERED.

                                          s/ **James D. Todd**
                                          JAMES D. TODD
                                          UNITED STATES DISTRICT JUDGE